SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
PAUL A. BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:   (310) 228-3700
Facsimile:   (310) 228-3701
E-mail:       kraygor@sheppardmullin.com
                  pbost@sheppardmullin.com

Attorneys for Plaintiff FCA US LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FCA US LLC,<br><br>              Plaintiff,<br><br>        v.<br><br>SCAT ENTERPRISES, INC., a California corporation; PHILIP THOMAS LIEB; an individual; CRAIG SCHENASI, an individual, and DOES 1 through 5, inclusive,<br><br>              Defendants. | Case No.   16-cv-8012<br><br>**(1)  COMPLAINT FOR:**<br><br> **(a) FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, FALSE ENDORSEMENT, AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)];**<br><br> **(b) FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, FALSE ENDORSEMENT, AND UNFAIR COMPETITION [CALIFORNIA COMMON LAW];**<br><br> **(c) UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS ACTS AND PRACTICES, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, FALSE ENDORSEMENT, AND UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §§ 17200 AND 17500, *ET SEQ.*]; AND**<br><br>**(2)  DEMAND FOR JURY TRIAL.** |

**INTRODUCTION**

1.     This action arises out of willful, intentional conduct on the part of Defendant Scat Enterprises, Inc. ("**Defendant Scat Enterprises**") and its President, Defendant Philip Thomas Lieb ("**Defendant Lieb**") and Chief Financial Officer, Defendant Craig Schenasi ("**Defendant Schenasi**") (hereinafter, with the "Doe" defendants described below, collectively referred to as "**Defendants**") to appropriate Plaintiff FCA US LLC's (formerly known as "Chrysler Group LLC", hereinafter referred to as "**Chrysler**") reputation and good will in a scheme aimed at confusing, misleading, and deceiving the public with manifestly false advertisements that proclaim that Defendants and their products are somehow authorized, endorsed, or sponsored by Chrysler.  In their false advertising, Defendants—using a prominent medallion that is made to look like an official seal of approval—proclaim that Defendant Scat Enterprises is the official supplier of the seat used in one of Chrysler's vehicles (the 2016 Mopar Drag Pak vehicle):



First, there is no "Chrysler Drag Pak"; the vehicle in question is a Mopar Drag Pak:



Second, Scat Enterprises has never been an "official" anything for Chrysler.  It has never been authorized by Chrysler to represent to the public that it is authorized, sponsored, or endorsed by Chrysler, or that it sells to the public a seat that is so authorized, sponsored, or endorsed by Chrysler or is the "OFFICIAL SEAT".

2.     Defendant Scat Enterprises' seat is not the "OFFICIAL SEAT" of Chrysler's 2016 Mopar Drag Pak vehicle.  And for Defendants to proclaim otherwise, in a bald bid to confuse, mislead, and deceive the public and misappropriate Chrysler's reputation and good will, is willfully disingenuous.  Defendant Scat Enterprises has never even entered into an agreement with Chrysler to provide seats for Chrysler's 2016 Mopar Drag Pak vehicle.  Instead, Chrysler contracted with a third party to create the limited edition 2016 Mopar Drag Pak vehicles.  Chrysler is informed and believes that that third party then subcontracted with Scat Enterprises to provide the seats to that third party.  Chrysler had no involvement in the selection of the seats or their provider.  As a result, Defendant Scat Enterprises cannot legitimately advertise itself as the "official" anything for Chrysler.

3.     And Defendants know this full well.  Chrysler is engaged in litigation with Defendant Scat Enterprises in two other actions pending in this Court—*Scat Enterprises, Inc. v. FCA US LLC*, and *FCA US LLC v. Scat Enterprises, Inc*., Case No. 2:14-CV-07995 GHK (AFMx).  In Paragraph 13 of its Complaint filed in this

Court on October 15, 2014 (ECF Docket No. 1), Scat Enterprises expressly pleaded

that it had a long relationship with Chrysler as a seller of parts to Chrysler:

> "For many years, the parties have engaged in direct business dealings
>
> involving Plaintiff [Scat Enterprises] as supplier, selling and delivering
>
> its automotive parts to Defendant [Chrysler] as purchaser . . . ."

Because of that "many years" relationship, Defendants therefore are well aware that

Defendant Scat Enterprises, in its role as a sometimes supplier to Chrysler, is

expressly prohibited from publishing the fact that it has supplied goods or services to

Chrysler, from using Chrysler's names in any of Defendant Scat Enterprises'

advertising, and from using Chrysler's trademarks in any of Defendant's advertising:

> "**15.   USE OF CHRYSLER'S NAME.**  Seller [Scat Enterprises] will
>
> not, without the prior written consent of Chrysler, in any manner publish
>
> the fact that Seller has furnished or contracted to furnish Chrysler goods
>
> and/or services, or use the name or trademarks of Chrysler, its products,
>
> or any of its affiliated companies in Seller's advertising or other
>
> publication."

[Chrysler's Purchase Order "Terms and Conditions", ¶ 15 (emphasis in original).]

Chrysler has never given Defendant Scat Enterprises any consent, written or

otherwise, to use or exploit its name or any of its trademarks in any of Defendant Scat

Enterprises' advertising or other publications.  Defendants, however, have done just

that, thumbing their noses at Chrysler.

## JURISDICTION AND VENUE

4.     The First Claim for Relief arises under the federal Lanham Act, 15

U.S.C. §§ 1051, *et seq*.  This Court has original subject matter jurisdiction over this

claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.     The Second and Third Claims for Relief arise under California common

and statutory law.  This Court has subject matter jurisdiction over these Claims for

Relief pursuant to 28 U.S.C. § 1338(b) because they are joined with substantial and

related claims under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court also has subject matter jurisdiction over these Claims for Relief on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a) because:  (a) the federal and state law claims asserted herein are based upon the same operative facts; (b) the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties; and (c) such claims are so related to the First Claim for Relief that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this judicial district, and the activities of which Chrysler complains herein have caused injury to Chrysler in this judicial district.

## **THE PARTIES**

7.      <u>FCA US LLC ("Chrysler")</u>:  Chrysler is a well-known, global automobile original equipment manufacturer ("**OEM**") engaged in, among other things, the business of designing, manufacturing,  marketing, and distributing vehicles, as well as parts for its OEM vehicles through its Mopar Division.  Chrysler is a limited liability company organized and existing under the laws of Delaware, with its principal offices just outside of Detroit, in Auburn Hills, Michigan.

8.      <u>Scat Enterprises, Inc.</u>:  Defendant Scat Enterprises is a corporation organized and existing under the laws of the State of California.  Its principal place of business is located at 1400 Kingsdale Avenue, Redondo Beach, California 90278.

9.      Scat Enterprises is not an automobile OEM.  Chrysler, as an OEM, can only distribute its vehicles through a network of independent car dealerships, typically identified as a **CHRYSLER**®, **DODGE**®, **JEEP**®, **RAM**®, and/or **FIAT**® dealership.  Chrysler sells its vehicles to such independent dealerships, which, in turn, then sell them to the end-user.  Scat Enterprises, on the other hand, is one of thousands of aftermarket automotive parts suppliers who have developed a business

around selling aftermarket parts directly to consumers who install those parts in or use them with vehicles they have purchased from the OEMs' dealership networks, vehicles, or engines for vehicles, they might have assembled themselves, or OEM or other vehicles, or engines for such vehicles, they might be rebuilding, modifying, or servicing.  There is nothing wrong with the business of such aftermarket suppliers, as long as they do not engage in false advertising or other unfair practices.

10.     Unlike Chrysler, whose OEM vehicles and OEM parts distributed by its Mopar Division typically come with a Chrysler OEM warranty, aftermarket parts such as those supplied by Defendant Scat Enterprises are not covered under OEM warranties.  As a result, the improper advertising, marketing, promotion, and sale of such aftermarket parts, particularly where, as here, such efforts are done pursuant to a blatantly false advertising scheme, pose the very significant danger that consumers will be misled, confused, or deceived  into buying such parts because they believe they somehow are the "OFFICIAL SEAT" endorsed by Chrysler and, therefore, presumably covered by Chrysler's warranty or are "official" products that Chrysler is going to stand behind.  Such conduct, like all false advertising, causes irreparable injury to persons such as Chrysler whose name, good will, and reputation are misused by false advertisers for their own personal gain.

11.     <u>Philip Thomas Lieb</u>:  Defendant Lieb is an individual.  Chrysler is informed and believes that Defendant Lieb resides and works in this judicial district and is the 100% owner of Defendant Scat Enterprises and is its President.  Chrysler is informed and believes that Defendant Lieb authorized, directed, and actively participated in the wrongful conduct described herein.

12.     <u>Craig Schenasi</u>:  Defendant Schenasi is an individual.  Chrysler is informed and believes that Defendant Schenasi resides and works in this judicial district and is employed as the Chief Financial Officer of Defendant Scat Enterprises. Chrysler is informed and believes that Defendant Schenasi authorized, directed, and actively participated in the wrongful conduct described herein.

13. Attached hereto as **EXHIBIT A**, and incorporated as though fully set forth herein, is an October 2015 e-mail exchange between Defendant Schenasi and Manifest Creative of Oceanside, California, an advertising, marketing, and brand positioning firm utilized by Defendants Schenasi and Scat Enterprises.  Early in that exchange, Defendant Schenasi seeks permission from someone working on behalf of General Motors to "put a button in our catalog that says, Seat of Choice for the 2015 Copo Camaro", a General Motors vehicle.  Defendant Schenasi then directed Manifest Creative to change the creative for the button so it would state:  "Official Seat of the 2015 & 2016 Copo Camaro", and asked for a copy of the revised design so he could get General Motors' approval.  Once that design was finalized, Defendant Schenasi then directed Manifest Creative to do the same thing for a Chrysler button:

> "**Perfect, add to that page.**
>
> **And for Chrysler same thing but 2016 only**
>
> **And Chrysler Drag Pak**"

14. Defendant Schenasi intentionally directed the creation of the medallion shown in Paragraph 1, above, and did so without ever seeking Chrysler's approval, despite knowing that he had to seek General Motors' approval on the same button referring to its vehicle, as shown in the e-mail exchange attached hereto as **EXHIBIT A**.  Chrysler is informed and believes that Defendant Schenasi did so on the express direction of Defendant Lieb.  Defendants Lieb, Schenasi, and Scat Enterprises intentionally proceeded with their false advertising scheme against Chrysler and intentionally declined to seek Chrysler's approval because they knew, having sued Chrysler in this Court on October 15, 2014, which suit is still pending, that they would never get Chrysler's approval.  Defendants intentionally ignored Chrysler's rights and intentionally authorized, directed, participated in, and committed the torts set forth below.

15. <u>Doe Defendants</u>:  The true names and capacities of the defendants named herein as Does 1 through 10, whether individual, corporate, associate or otherwise,

are unknown to Chrysler, which therefore sues those defendants by such fictitious names.  Chrysler is informed and believes that each of the defendants designated as a "Doe" defendant is legally responsible for the events hereinafter alleged and legally caused injury and damages proximately thereby to Chrysler as herein alleged.  Chrysler will seek leave to amend this Complaint when the true names and capacities of the Doe defendants have been ascertained.

## FACTUAL BACKGROUND

16.     Chrysler is almost 100 years old, founded by Walter Chrysler in 1925.  Shortly thereafter, in 1928, Chrysler acquired the iconic **DODGE**® brand.  Other acquisitions followed.  For example, in 1987 Chrysler acquired American Motors Corporation, which brought the **JEEP**® brand into the Chrysler family.  Most recently, Chrysler has joined forces with the Italian OEM, Fiat.  Today, Fiat Chrysler Automobiles is one of the most successful automobile OEMs in the world.  The iconic automobile brands it sells worldwide include **CHRYSLER**®, **DODGE**®, **JEEP**®, **RAM**®, and **FIAT**®.  Major divisions of Chrysler include SRT, Chrysler's performance automobile division, and Mopar, its automotive parts and accessories division for its OEM vehicles.

17.     As noted above, Chrysler markets its vehicles under various trademarks and service marks.  Many are registered with the United States Patent and Trademark Office ("USPTO").  Many have achieved incontestability status under Section 15 of the federal Lanham Act [15 U.S.C. § 1065].  Among such marks are:

7

| MARK | STATUS |
|---|---|
| **CHRYSLER**® (some with design elements) | USPTO Reg. Nos. 428,619; 570,186; 1,263,266; 1,513,942; 1,906,450; 2,357,408; 3,941,344 |
| **CHALLENGER**® | USPTO Reg. No. 3,538,635 |
| **DRAG PAK**™ | Common law trademark |
| **JEEP**® | USPTO Reg. Nos. 526,175; 1,129,553; 1,130,015; 1,129,828; 1,134,153; 1,128,972; 1,236,540; 2,635,685; 2,729,404; 2,586,284; 2,461,861; 2,512,866; 2,681,201; 2,849,309; 4,091,155 |

18.     Chrysler's **CHRYSLER**®, **JEEP**®, and **CHALLENGER**® marks have acquired broad fame and recognition among consumers.  They are advertised all over the world through broadcast, satellite, cable, print, electronic, and other media.  The products represented by these marks are the subject of great interest in the car-buying community, provoke strongly held opinions and passions, blogs, enthusiast clubs, and journalistic reports in the automotive press, at auto shows, and in the general press.  The good will represented by these and other Chrysler brands is of incalculable value to Chrysler.

19.     Among the businesses operated by Defendant Scat Enterprises is a division it calls "Procar".  Its website presence can be found at **http://procarbyscat.com/**.

20.     As of October 7, 2016, that website directed Defendant Scat Enterprises' customers to its Procar seats catalog, found on that page through a "Catalog" link at the top of its **http://procarbyscat.com/seats** web page.  In that catalog, Defendant Scat Enterprises proclaims that at least one of its products is endorsed, authorized, or sponsored by Chrysler—a false representation intentionally made to confuse, mislead, and deceive the public:

8



Perfect for any style vehicle, everything from your show quality vehicle to your daily driver, the Sportsman recliner is your perfect solution. These suspension seats will accommodate a 5-point harness.

# SPORTSMAN PRO™
## SERIES 1615

| PART# | DESCRIPTION |
|---|---|
| 80-1615-51 | Black Vinyl |
| 80-1615-57 | Light Grey Vinyl |
| 80-1615-58 | Red Vinyl |
| 80-1615-65 | Blue Velour/Black Vinyl |
| 80-1615-71 | Black Velour/Black Vinyl |
| 80-1615-73 | Grey Velour/Black Vinyl |
| 80-1615-90 | Red Velour/Black Vinyl |


DIMENSIONS
SEAT 26 lbs


80-1615-90


FIBERGLASS BACKING


SUSPENSION STRAPS

## FEATURES
» Sliders included
» Micro-adjustable incline & recline
» Fiberglass back
» Injection molded foam
» Suspension straps for support & comfort
» Accommodates 5-point harness


80-1615-51


80-1615-58


80-1615-65


80-1615-71


80-1615-73

SPORTSMAN PRO™ SEAT IS A DISTINCTIVE PRODUCT CONFIGURATION AND TRADEMARK OWNED EXCLUSIVELY BY SCAT ENTERPRISES INC.

**PROCAR® BY SCAT® ENTERPRISES INC /// 23**

21.     Immediately to the right of the large red and black seat depicted above, Defendant Scat Enterprises prominently displays the following medallion, intentionally presented in a format making it look like an official seal of approval, that falsely claims that "PROCAR BY SCAT" is the "OFFICIAL SEAT 2016 CHRYSLER DRAG PAK":



Neither Defendant Scat Enterprises nor any of its products has ever been the "official" anything for Chrysler.  There is no "Chrysler Drag Pak" and Scat Enterprises' Sportsman seat is not the official seat for Chrysler's 2016 Mopar Drag Pak vehicle. Scat Enterprises has never been endorsed by Chrysler to the public as an "official" seat supplier.  It has never been authorized by Chrysler to say any such thing.  It has never been sponsored by Chrysler.  It has never been given permission to use or exploit Chrysler's **CHRYSLER**® or **DRAG PAK**™ marks in any manner, whether for advertising, promotional, marketing, sales, or any other purpose.  It never even contracted with Chrysler to supply seats for the 2016 Mopar Drag Pak vehicle.  In short, Defendants' statements in their fake seal-of-approval medallion constitute a fraud on the consuming public.

22.     Defendant Scat Enterprises' unlawful representation of an "official" relationship with Chrysler did not end with that catalog.  It also advertises on Twitter.

23.     In a May 19, 2016 Twitter post, Defendant Scat Enterprises touted that "ProcarbyScat's Sportsman Pro Suspension Sport Recliner is the seat of choice for Chrysler 2016 Drag Pak Challenger", directly causing Scat Enterprises' customers to associate its Sportsman seat with Chrysler, Chrysler's 2016 Mopar **DRAG PAK**™

brand vehicle, and Chrysler's **CHALLENGER**® brand vehicle.  [A true and correct

copy is attached hereto as **EXHIBIT B**, and incorporated as though fully set forth

herein.]

24.     In a May 31, 2016 Twitter post, Defendant Scat Enterprises touted that

"ProcarbyScat's Sportsman Pro Suspension Sport Recliner is the seat of choice for

**@Chrysle[r]**".  [A true and correct copy is attached hereto as **EXHIBIT C**, and

incorporated as though fully set forth herein.]  By expressly referring and linking to

Chrysler's official Twitter account (**@Chrysler**), Defendant Scat Enterprises

hammered home the fact that the customer should associate Scat Enterprises and its

seat with Chrysler.

25.     In a June 17, 2016 Twitter post, Defendant Scat Enterprises again

represented that "PROCAR BY SCAT" is the "OFFICIAL SEAT 2016 CHRYSLER

DRAG PAK" with the fake seal-of-approval medallion.  [A true and correct copy is

attached hereto as **EXHIBIT D**, and incorporated as though fully set forth herein.]

This time, however, Scat Enterprises upped the ante and the unlawful association with

Chrysler by prominently displaying immediately to the left of the seat and its

accompanying "OFFICIAL SEAT" medallion a large photograph of a Chrysler

**JEEP**® brand vehicle.  That vehicle has no substantive relation to the advertisement

for the Procar seat as the seat is for an entirely different vehicle.  But, by including the

prominent photograph of an iconic **JEEP**® brand vehicle in the ad, Scat Enterprises

is clearly trying to take advantage of Chrysler's reputation and good will, making it

look like Chrysler is endorsing Scat Enterprises and its products, and making sure that

Scat Enterprises' customers  associate Scat Enterprises' "OFFICIAL SEAT 2016

CHRYSLER DRAG PAK" seat with Chrysler and its vehicles—both presented side-

by-side in the same advertisement.

26.     In a July 6, 2016 Twitter post, Defendant Scat Enterprises again used the

"OFFICIAL SEAT 2016 CHRYSLER DRAG PAK" medallion, again alongside a

photograph of a Chrysler **JEEP**® brand vehicle.  [A true and correct copy is attached hereto as **EXHIBIT E**, and incorporated as though fully set forth herein.]

27.   In a July 22, 2016 Twitter post, Scat Enterprises repeated the false representation about being the "OFFICIAL SEAT", again alongside a photograph of a Chrysler **JEEP**® brand vehicle.  [A true and correct copy is attached hereto as **EXHIBIT F**, and incorporated as though fully set forth herein.]

28.   Scat Enterprises also published this false advertising campaign on other media platforms.  A Scat Enterprises Instagram post uses the "OFFICIAL SEAT 2016 CHRYSLER DRAG PAK" medallion, again immediately alongside a photograph of Chrysler's iconic **JEEP**® brand vehicle.  [A true and correct copy is attached hereto as **EXHIBIT G**, and incorporated as though fully set forth herein.]

29.   In another Scat Enterprises Instagram post, Scat Enterprises touts that "ProcarbyScat's Sportsman Pro Suspension Sport Recliner is the seat of choice for **#Chrysler** 2016 Drag Pak Challenger."  [A true and correct copy is attached hereto as **EXHIBIT H**, and incorporated as though fully set forth herein.]  Not only does Scat Enterprises' use of the hashtag "**#Chrysler** " constitute a wrongful use of Chrysler's brand name, it intentionally ensures that this post will be included in any search of posts bearing the hashtag "**#Chrysler** ", thereby falsely reinforcing in the mind of the customer that Chrysler, one of the largest automobile companies in the world, must be endorsing Defendant Scat Enterprises, and once again tying its seat to Chrysler's **DRAG PAK**™ and **CHALLENGER**® brand vehicles.

30.   In another Scat Enterprises Instagram post, Scat Enterprises touts that its "Sportsman Pro Suspension Sport Recliner . . . is the seat of choice for the Chrysler 2016 Drag Pak Challenger. **@chryslerautos**".  [A true and correct copy is attached hereto as **EXHIBIT I**, and incorporated as though fully set forth herein.]  Once again, Scat Enterprises provides a direct link (**@chryslerautos**) between its post and Chrysler's official Instagram account, and again ties its seat to Chrysler's **DRAG PAK**™ and **CHALLENGER**® brand vehicles.

13

31.     Scat Enterprises repeated this unlawful advertising scheme on its Facebook page.  In a February 3, 2016 post, Scat Enterprises stated that its "Sportsman Pro Suspension Sport Recliner . . . is the seat of choice for the Chrysler 2016 Drag Pak Challenger", again tying its seat to Chrysler's **DRAG PAK**™ and **CHALLENGER**® brand vehicles.  [A true and correct copy is attached hereto as **EXHIBIT J**, and incorporated as though fully set forth herein.]  In July 22 and September 15, 2016 posts, Scat Enterprises tied its seats to Chrysler's **JEEP**® brand vehicle, prominently displaying the "OFFICIAL SEAT 2016 CHRYSLER DRAG PAK" medallion next to photographs of Chrysler's **JEEP**® brand vehicle.  [True and correct copies are attached hereto as **EXHIBITS K** and **L**, and incorporated as though fully set forth herein.]

32.     Chrysler is informed and believes that there are numerous other such false advertisements published by Defendants, all in a scheme directed at trying to misappropriate Chrysler's good will and to mislead, confuse, and deceive consumers into believing that Defendant Scat Enterprises has somehow been anointed an "official", endorsed supplier of product to Chrysler.  Such conduct is part of a pattern and practice on Scat Enterprises' part.  Chrysler is engaged in litigation with Scat Enterprises in two other actions pending in this Court—*Scat Enterprises, Inc. v. FCA US LLC*, and *FCA US LLC v. Scat Enterprises, Inc.*, Case No. 2:14-CV-07995 GHK (AFMx)—where Scat Enterprises has engaged in similar such conduct.  Based on information learned in the course of those proceedings, Chrysler is informed and believes that Scat Enterprises has willfully set out to:  (a) falsely associate itself with Chrysler; (b) misrepresent that it is endorsed by, sponsored by, authorized by, or associated with Chrysler; (c) falsely advertise the status of its products and relationship with Chrysler; and (d) commit unfair competition and other acts actionable at law.

## FIRST CLAIM FOR RELIEF

## [False Designation Of Origin, False Advertising, False Endorsement, And Unfair Competition—Lanham Act § 43(a), 15 U.S.C. § 1125(a)]

33.     Chrysler incorporates herein the allegations set forth in paragraphs 1-32, above.

34.     Defendants are misrepresenting an association with Chrysler in connection with Defendant Scat Enterprises' goods and services, without Chrysler's authorization or permission.  Defendants' unlawful acts are aimed at:  (a) causing confusion and mistake and misleading and deceiving the public into believing that Defendant Scat Enterprises and its goods and services are authorized, sponsored, or endorsed by Chrysler; and (b) misappropriating property and monies and obtaining profits, benefits, and advantages belonging to Chrysler, for Defendants' own purposes and benefit.

35.     Chrysler is informed and believes that Defendants' unauthorized use and exploitation of Chrysler's reputation, name, and good will and misrepresentations to the public have caused confusion and mistake and are likely to continue to cause confusion and mistake, and to mislead and deceive the public into believing that Defendant Scat Enterprises and its goods and services are authorized, sponsored, or endorsed by Chrysler, when in fact they are not.

36.     Defendants' unlawful use and exploitation of Chrysler's reputation, name, and good will and misrepresentations to the public, as outlined above, constitute false designation of origin, false advertising, false endorsement, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     As a direct and proximate result of Defendants' unlawful acts as described herein, Chrysler has suffered and will continue to suffer injury to its business, goodwill, and property, in an amount to be determined at trial.

38.     Chrysler has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Chrysler will continue to suffer irreparable harm.

39.     Chrysler is entitled to an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants, and their officers, agents, servants and employees, and all persons in active concert or participation with them, from engaging in any further such acts in violation of the Lanham Act.

40.     Chrysler is further entitled to recover from Defendants the damages Chrysler has sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained and to be obtained by Defendants, as a result of Defendants' unlawful acts as described herein.

41.     Chrysler is further entitled to an award of enhanced damages and to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

## [False Designation Of Origin, False Advertising, False Endorsement, And Unfair Competition—California Common Law]

42.     Chrysler incorporates herein the allegations set forth in paragraphs 1-41, above.

43.     Defendants are misrepresenting an association with Chrysler in connection with Defendant Scat Enterprises' goods and services, without Chrysler's authorization or permission.  Defendants' unlawful acts are aimed at:  (a) causing confusion and mistake and misleading and deceiving the public into believing that Defendant Scat Enterprises and its goods and services are authorized, sponsored, or endorsed by Chrysler; and (b) misappropriating property and monies and obtaining profits, benefits, and advantages belonging to Chrysler, for Defendants' own purposes and benefit.

44.     Chrysler is informed and believes that Defendants' unauthorized use and exploitation of Chrysler's reputation, name, and good will and misrepresentations to

the public have caused confusion and mistake and are likely to continue to cause confusion and mistake, and to mislead and deceive the public into believing that Defendant Scat Enterprises and its goods and services are authorized, sponsored, or endorsed by Chrysler, when in fact they are not.

45.     Defendants' unlawful use and exploitation of Chrysler's reputation, name, and good will and misrepresentations to the public, as outlined above, constitute false designation of origin, false advertising, false endorsement, and unfair competition in violation of California common law.

46.     As a direct and proximate result of Defendants' unlawful acts as described herein, Chrysler has suffered and will continue to suffer injury to its business, goodwill and property, in an amount to be determined at trial.

47.     Chrysler has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Chrysler will continue to suffer irreparable harm.

48.     Chrysler is entitled to an injunction restraining Defendants, and their officers, agents, servants and employees, and all persons in active concert or participation with them, from engaging in any further such acts in violation of California common law.

49.     Chrysler is further entitled to recover from Defendants the damages Chrysler has sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained and to be obtained by Defendants, as a result of their unlawful acts as described herein.

50.     Chrysler is informed and believes that in acting as alleged herein, Defendants have acted intentionally and despicably with oppression, fraud, and malice toward Chrysler.  Chrysler therefore is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants pursuant to CALIFORNIA CIVIL CODE § 3294.

## THIRD CLAIM FOR RELIEF

**[Unlawful, Unfair And Fraudulent Business Acts And Practices, False Designation Of Origin, False Advertising, False Endorsement, And Unfair Competition—CAL. BUS. & PROF. CODE §§ 17200 And 17500, *Et Seq.*]**

51.     Chrysler incorporates herein the allegations set forth in paragraphs 1-50, above.

52.     Defendants are misrepresenting an association with Chrysler in connection with Defendant Scat Enterprises' goods and services, without Chrysler's authorization or permission.  Defendants' unlawful acts are aimed at:  (a) causing confusion and mistake and misleading and deceiving the public into believing that Defendant Scat Enterprises and its goods and services are authorized, sponsored, or endorsed by Chrysler; and (b) misappropriating property and monies and obtaining profits, benefits, and advantages belonging to Chrysler, for Defendants' own purposes and benefit.

53.     Chrysler is informed and believes that Defendants' unauthorized use and exploitation of Chrysler's reputation, name, and good will and misrepresentations to the public have caused confusion and mistake and are likely to continue to cause confusion and mistake, and to mislead and deceive the public into believing that Defendant Scat Enterprises and its goods and services are authorized, sponsored, or endorsed by Chrysler, when in fact they are not.

54.     Defendants' unlawful use and exploitation of Chrysler's reputation, name, and good will and misrepresentations to the public, as outlined above, constitute false designation of origin, false advertising, false endorsement, and unfair competition in violation of CAL. BUS. & PROF. CODE §§ 17200 and 17500, *et seq*.

55.     As a result of Defendants' acts alleged above, Defendants either have enjoyed gains, profits, benefits, and advantages and received revenues, or will enjoy gains, profits, benefits, and advantages and receive revenues, that they would not

otherwise have enjoyed or received.  Defendants would not have been able to create, maintain, earn, or obtain gains, profits, benefits, advantages and revenues, but for their improper use and exploitation of Chrysler's reputation, good will, property, and assets.  As a result, all revenues earned by Defendants from authorized use and exploitation of Chrysler's reputation, good will, property, and assets belong to Chrysler.  These gains, profits, benefits, advantages, and revenues are gained at Chrysler's expense and do not rightfully belong to Defendants.

56.     The amount of the gains, profits, benefits, advantages, and revenues wrongfully realized by Defendants from their acts as alleged herein is unknown to Chrysler.  Chrysler is entitled as a matter of equity to restitution of those gains, profits, benefits, advantages, and revenues wrongfully realized by Defendants in an amount to be proved at trial.

57.     Chrysler has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Chrysler will continue to suffer irreparable harm.

58.     Chrysler is entitled to an injunction pursuant to CAL. BUS. & PROF. CODE §§ 17203 and 17535 restraining Defendants, and their officers, agents, servants and employees, and all persons in active concert or participation with them, from engaging in any further such acts in violation of California law.

## PRAYER FOR RELIEF

Chrysler requests the following relief as a result of the unlawful acts described herein:

A.     A judgment in favor of Chrysler on the Claims for Relief pleaded herein.

B.     An order granting preliminary and permanent injunctive relief against Defendants, and their officers, agents, servants and employees, and all persons in active concert or participation with them, enjoining them from engaging in any further acts of unfair competition, false advertising, false designation of origin, false

19

endorsement, and unlawful, unfair and fraudulent business practices, and otherwise as pleaded herein.

C.     An award of compensatory and consequential damages flowing from Defendants' wrongful acts as described herein.

D.     An order requiring Defendants to disgorge any and all revenues, gains, profits, benefits, and advantages obtained and to be obtained by Defendants as a result of their unlawful acts as described herein.

E.     An order finding that this case is exceptional and awarding enhanced damages and attorneys' fees pursuant to 15 U.S.C. §1117(a).

F.     An award of punitive damages against Defendants.

G.     An order that Chrysler recover its costs from Defendants.

H.     An order awarding Chrysler prejudgment and postjudgment interest.

I.     An order for such other and further relief as the Court may deem just and appropriate.

Dated:  October 19. 2016          SHEPPARD MULLIN RICHTER & HAMPTON LLP


                                  By  _____
                                          KENT R. RAYGOR
                                  Attorneys for Plaintiff FCA US LLC

479337103.2

## **DEMAND FOR JURY TRIAL**

Chrysler hereby demands a jury trial on all issues triable as of right to a jury. FED. R. CIV. P. 38(b).

Dated:  October 19. 2016          SHEPPARD MULLIN RICHTER & HAMPTON  LLP

By  _____
                    KENT R. RAYGOR

                    Attorneys for Plaintiff FCA US LLC

479337103.2

29