1 KENT R. RAYGOR (State Bar No. 117224)
kraygor@sheppardmullin.com
2 PAUL A. BOST (State Bar No. 261531)
pbost@sheppardmullin.com
3 SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
4 Los Angeles, California 90067
Telephone: (310) 228-3700
5 Facsimile: (310) 228-3701

6 Attorneys for Plaintiff FCA US LLC

7 MARK P. WINE (STATE BAR NO. 189897)
mwine@orrick.com
8 JAMES MAUNE (STATE BAR NO. 293923)
jmaune@orrick.com
9 ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
10 Irvine, California 92614-8255
Telephone: +1-949-567-6700
11 Facsimile: +1-949-567-6710

12 DIANA M. RUTOWSKI (STATE BAR NO. 233878)
drutowski@orrick.com
13 SCOTT LONARDO (STATE BAR NO. 285001)
slonardo@orrick.com
14 ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
15 Menlo Park, CA 94025
Telephone: +1 650-614-7400
16 Facsimile: +1 650-614-7401

17 Attorneys for Defendants SCAT ENTERPRISES,
INC., PHILIP THOMAS LIEB, and CRAIG
18 SCHENASI

19 UNITED STATES DISTRICT COURT

20 CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| 21 FCA US LLC, a Delaware Limited Liability Company, | Case No. 2:16-cv-8012-JFW-RAO |
| 22 Plaintiff, | **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| 23 v. | |
| 24 SCAT ENTERPRISES, INC., a California corporation; PHILIP THOMAS LIEB, an individual; CRAIG SCHENASI, an individual, and DOES 1 through 5, inclusive, | |
| 27 Defendants. | |

SMRH:483116762.1

## TABLE OF CONTENTS

Page

1. DEFINITIONS. ...................................................................................................1

2. DESIGNATION OF CONFIDENTIAL INFORMATION. ............................2

3. DEPOSITIONS. ..................................................................................................3

4. DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION. ...................................................................................................5

5. CHALLENGING A DESIGNATION. .............................................................8

6. INADVERTENT FAILURE TO DESIGNATE. ............................................10

7. CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION ..................................................................12

8. MISCELLANEOUS PROVISIONS. ...............................................................13

9. FILING OR LODGING UNDER SEAL. ........................................................14

10. GOOD CAUSE STATEMENT. ......................................................................15

# I.

# STIPULATION RE CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED by the parties in this action, by and through their respective attorneys of record and pursuant to FED. R. CIV. P. 26(c)(1) and 29 and C.D. CAL. LOCAL RULE 79-5.1, that discovery in this case of confidential information shall be had on the following terms and conditions:

**1. DEFINITIONS.**

1.1 As used herein, the term "confidential information" means: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or non-party contends would cause serious harm to the disclosing party's or non-party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, personnel file information, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in CAL. CIV. CODE § 3426.1(d)) or other confidential research, development, or commercial information (as defined in FED. R. CIV. P. 26(c)(1)(G)).

1.2 As used herein, the terms "document", "documents", "tangible things", "recordings", and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in FED. R. CIV. P. 34(a) and FED. R. EVID. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

SMRH:483116762.1

1       1.3     As used herein, the term "designating party" means a party or non-party that designates information or items that he, she, or it produces in disclosures or in responses to discovery as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE[1] ONLY, as defined below.  Any non-party wishing to so designate information or items must execute the declaration entitled *Declaration Confirming Compliance With Stipulated Protective Order Re Designation Of Confidential Information* ("**Compliance Declaration**") attached hereto as <u>EXHIBIT A</u>.

**2.     DESIGNATION OF CONFIDENTIAL INFORMATION.**

        2.1     This Protective Order applies to all discovery responses, documents, testimony, and other materials containing confidential information disclosed in this action that are designated by a party or non-party as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, deposition notices, subpoenas to produce documents, things or tangible items, or any other discovery undertaken in this action.

        2.2     Any party or non-party may protect information he , she, or it believes constitutes his, her, or its confidential information by designating such information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, as defined below, prior to or at the time of disclosure of such information.  Such designation shall be accomplished by placing the notation CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY on every page of each document or portion thereof so designated.  In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape,

---

[1] "Outside Attorneys' Eyes".

audiotape, computer disks, *etc*.), the notation CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

2.3 Confidential information so designated shall be used only for the purposes of this litigation and may not be used by any party or non-party to whom or which that information is produced or disclosed for research, development, sales, marketing, publicity or competitive purposes, or any other purpose. Confidential information so designated shall not be disclosed to anyone other than those persons identified in Paragraphs 4.3 and 4.4, below, except as may be ordered by the Court or agreed to in writing by the designating party or non-party. If any information designated by a party or non-party as confidential is used by a party to whom or which it has been produced or disclosed as part of a paper filed or lodged with the Court in this action or in a response to a discovery request in this action, the party using that information shall take all reasonable steps to preserve the continued confidentiality of that designated confidential information. This includes maintaining the designation of confidentiality in all places where that information is so used and requesting that such information be filed or lodged with the Court under seal in accordance with the procedures of C.D. CAL. LOCAL RULE 79-5.1.

2.4 The parties and any non-parties asked to produce confidential information shall use reasonable care to avoid designating any materials as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY that are (a) not entitled to such designation, or (b) are generally available to the public.

**3. DEPOSITIONS.**

3.1 With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the

deponent's testimony contains, reflects, or comments on designated confidential information, the deposition reporter and/or videotape operator shall be informed of this Protective Order by the party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 4.5, below. The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER", "CONTAINS CONFIDENTIAL - COUNSEL ONLY INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER", or "CONTAINS CONFIDENTIAL - OAE ONLY INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER, depending on the designation made by the designating party or non-party. Counsel of record for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY from being disclosed to any person, except as provided in this Protective Order.

3.2     As noted in Paragraph 2.4, above, and Paragraphs 4.2 and 5.1, below, the parties are obligated to only designate as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY information that constitutes "confidential information" (as defined in Paragraph 1.1, above) and are obligated to not overuse such designations. In order to give the parties time to designate testimony given at a deposition as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, if appropriate, all testimony at a deposition shall be presumed to be designated CONFIDENTIAL - OAE ONLY for only thirty (30) days following receipt of a copy of the deposition transcript. If any party then desires to designate portions of that transcript as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, then it must do so within those thirty (30) days by providing all parties with a written list of those selected

portions of the deposition transcript, and any exhibits attached thereto, that the party has designated CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY.

    3.3    Each deponent to whom any party proposes to disclose designated confidential information of another party or non-party at a deposition, or other proceeding shall be given a copy of this Protective Order and informed of its contents. The parties shall take all reasonable steps to have such witnesses sign the *Compliance Declaration* attached hereto as <u>EXHIBIT A</u> and referenced herein. The provisions of this Protective Order do not govern use of designated confidential information at trial and use of designated confidential information at trial shall be governed by order(s) of the trial judge.

    3.4    If designated confidential information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

**4.    <u>DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION</u>.**

    4.1    The parties, counsel for the parties, and all persons who execute the *Compliance Declaration* shall maintain all designated confidential information in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order.

    4.2    While the disclosure of confidential information designated CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY to persons not authorized by this Protective Order could, by definition, be prejudicial to the business, operations, or interests of the designating party or non-party, the CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, and CONFIDENTIAL - OAE ONLY designations should not be overused.

4.3 **Access to confidential information designated as CONFIDENTIAL:** Such access shall be limited to the following persons:

    4.3.1 **Counsel** for the parties, which includes: (a) **counsel of record** for the parties, namely **outside attorneys** who have made an appearance in this action, and their in-house support personnel; and (b) **in-house counsel** for FCA US LLC ("**FCA**"), namely **Donna L. Berry**, Chief Trademark Counsel for FCA, **Amanda L. Conti-Duhaime**, Senior Staff Counsel for FCA, and **Kristen Spano**, Senior Staff Counsel for FCA, so long as each holds only a position as an in-house attorney and not a business, sales, or marketing position at FCA. For purposes of clarification, at the time of entry of this Protective Order Scat Enterprises, Inc. does not have any in-house attorneys. If any outside vendors (*e.g.*, copy services) are used as support personnel for counsel for the parties, they shall comply with the requirements of Paragraph 4.5, below.

    4.3.2 Pursuant to Paragraphs 4.5 and 4.6, below, **consultants** requested by the parties' counsel of record to furnish expert or litigation support services in this litigation. Any such consultants shall comply with the requirements of Paragraphs 4.5 and 4.6, below.

    4.3.3 Pursuant to Paragraphs 3.1 through 3.4, above, and Paragraph 4.5, below, **deponents** at their depositions on a need-to-know basis. Counsel of record should have a good faith belief that such disclosure is necessary before disclosing designated confidential information to the deponent.

    4.3.4 The **parties** to this action.

    4.3.5 The **Court** and **Jury**.

4.4 **Access to confidential information designated as CONFIDENTIAL - COUNSEL ONLY:** Such access shall be limited to those persons described in Paragraphs 4.3.1 (**counsel of record** and **in-house counsel**), 4.3.2 (**consultants**), and 4.3.5 (the **Court** and **Jury**), above. No deponent shall be given access to confidential information designated CONFIDENTIAL - COUNSEL ONLY by any other party or

SMRH:483116762.1

non-party unless (a) that deponent is first established to be the author or the sender, recipient or custodian of the information, or (b) the designating party or non-party agrees to give the deponent access in writing and the deponent complies with the requirements of Paragraph 4.5, below. No party may have a present or former employee, director, or officer act as a consultant to furnish expert or litigation support services in this litigation in order to get around this restriction. (*See* Paragraph 4.3.2, above.)

4.5 **Access to confidential information designated as CONFIDENTIAL - OAE ONLY:** Such access shall be limited to those persons described in Paragraphs 4.3.1(a) (**counsel of record**), 4.3.2 (**consultants**), and 4.3.5 (the **Court** and **Jury**), above. No deponent shall be given access to confidential information designated CONFIDENTIAL - OAE ONLY by any other party or non-party unless (a) that deponent is first established to be the author or the sender, recipient or custodian of the information, or (b) the designating party or non-party agrees to give the deponent access in writing and the deponent complies with the requirements of Paragraph 4.5, below. No party may have a present or former employee, director, or officer act as a consultant to furnish expert or litigation support services in this litigation in order to get around this restriction. (*See* Paragraph 4.3.2, above.)

4.6 Each (a) outside vendor authorized pursuant to Paragraph 4.3.1, above, (b) consultant authorized pursuant to Paragraph 4.3.2, above, (c) deponent authorized pursuant to Paragraph 4.3.3, 4.4(b), or 4.5(b), above, and (d) party authorized pursuant to Paragraph 4.3.4, above, shall, prior to being given access to designated confidential information, acknowledge in writing his or her familiarity with the terms of this Protective Order and execute the *Compliance Declaration*, attached hereto as EXHIBIT A.

4.7 If a party or his, her, or its counsel of record wants to disclose another party's or a non-party's designated confidential information to a consultant described in Paragraph 4.3.2, above, disclosure shall be allowed only if the party desiring such

disclosure obtains the designating party's consent or a court order. The following procedure shall apply to obtaining consent for such disclosure:

   4.7.1 Notice of the name, address, telephone number and title or position of such consultant, a *curriculum vitae* for the consultant, notice of any previous or current personal, professional, or employment-related relationship with a party to this action, a list of all other cases in which, during the previous four years, the consultant testified as an expert at trial or by deposition, and a signed copy of the *Compliance Declaration*, attached hereto as EXHIBIT A, shall be served in writing by e-mail on counsel of record for the designating party for such party's consent to disclosure of confidential information to such consultant.

   4.7.2 Consent to the disclosure shall not be unreasonably withheld, and shall be granted or denied, by e-mail to all counsel of record in this action, within seven (7) days of receipt of the notice by e-mail. A failure to respond within that seven-day period shall operate as consent.

   4.7.3 If any objection to disclosing confidential information to such an identified consultant is made within that seven-day period, and that objection cannot be resolved by agreement between the party seeking disclosure and the designating party, the party seeking disclosure of the confidential information may move the Court for an order allowing such disclosure, in accordance with the procedures set forth in C.D. CAL. LOCAL RULES 37-1 through 37-4.

 4.8 Nothing herein shall prohibit a party, or his, her, or its counsel of record, from disclosing a document that contains confidential information to a person established to be the author or the sender, recipient or custodian of the information, and the person complies with the requirements of Paragraph 4.5, above.

**5. CHALLENGING A DESIGNATION.**

 5.1 As stated above in Paragraph 1.1, the term "confidential information", as defined herein, is directed at information that, if disclosed other than as provided in this Protective Order, would cause serious harm to the designating party's business

operations or interests.  As further stated above in Paragraph 2.4, designating parties and non-parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY that are (a) not entitled to such designation, or (b) are generally available to the public.  As further stated above in Paragraph 4.2, the CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, and CONFIDENTIAL - OAE ONLY designations should not be overused.  In furtherance of the goal of using the confidentiality designations provided for herein as little as possible, the parties and any non-parties asked to produce confidential information agree that they will actively work to avoid the over-designation of information produced in discovery in this action.

      5.1.1  With respect to confidential information that will be designated as subject to the more restrictive confidentiality designation allowed herein, CONFIDENTIAL - COUNSEL ONLY, the parties and any non-parties asked to produce confidential information agree that they will use that more restrictive designation only if the designating party reasonably and in good faith believes that the material being designated contains:   (a) trade secrets; or (b) highly confidential, non-public, personal or proprietary business information, the disclosure of either of which would be especially detrimental or harmful to the producing party or non-party if disclosed beyond the limited class of permitted recipients as delineated herein.

      5.1.2  With respect to confidential information that will be designated as subject to the most restrictive confidentiality designation allowed herein, CONFIDENTIAL - OAE ONLY, the parties and any non-parties asked to produce confidential information agree that they will use that most restrictive designation only if the designating party reasonably and in good faith believes that the material being designated contains:   (a) trade secrets; or (b) highly  confidential, non-public, personal or proprietary business information, the disclosure of either of which would

be highly detrimental or harmful to the producing party or non-party if disclosed beyond the limited class of permitted recipients as delineated herein.

5.2    If only a portion of a document contains matter that meets either of these standards, then only that portion will be designated CONFIDENTIAL - COUNSEL ONLY or CONFIDENTIAL - OAE ONLY, whichever is appropriate, and the balance of the document will either not be designated or will be designated CONFIDENTIAL, whichever is appropriate.

5.3    In the event that counsel of record for any party at any time believes that designated confidential information should not be so designated, or that a different designation should be employed, such counsel shall employ the procedures of C.D. CAL. LOCAL RULES 37-1 through 37-4 to resolve that dispute. The designating party shall bear the burden of persuasion that it has properly designated the subject materials under the standards set forth herein. The Court may impose a monetary sanction under FED. R. CIV. P. 37(a)(3)(A) and C.D. CAL. LOCAL RULE 37-4 against any party, person, or counsel of record who unsuccessfully makes or opposes such a motion in accordance with the Rules.

5.4    For documents that any party might wish to file with the Court under seal, that party shall employ the procedures of C.D. CAL. LOCAL RULE 79-5.1 and comply with the requirements of Paragraph 9, below.

5.5    No party shall be obliged to challenge the propriety of a CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**6.    INADVERTENT FAILURE TO DESIGNATE.**

6.1    The inadvertent failure to designate confidential information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY prior to or at the time of disclosure shall not operate as a waiver of a

SMRH:483116762.1

party's or non-party's right to designate such information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY.

6.2     In the event that confidential information is designated as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY after disclosure under Paragraph 6.1, above, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, as appropriate, pursuant to the terms of this Protective Order. The parties, however, agree and understand that until the receiving party receives actual notice of the disclosing party's or non-party's purported inadvertent failure to designate confidential information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, such information is presumptively non-confidential and not subject to the terms of this Protective Order.

6.3     Should any document or information designated as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order, and shall (a) promptly inform such person of all the provisions of this Protective Order and request immediate return of any designated information disclosed, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party or non-party that designated the document or information and state whether the designated information has been returned and is no longer in the possession of the unauthorized person, and (c) request such person to sign the *Compliance Declaration*, attached hereto as EXHIBIT A. The executed *Compliance Declaration* shall then promptly be served upon the party or non-party that designated the document or information.

-11-
SMRH:483116762.1

6.4    Any claim by a party of inadvertent failure to designate confidential information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY or CONFIDENTIAL - OAE ONLY shall be made in good faith and not in an attempt to subvert any obligation under this Protective Order to timely and properly designate confidential information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY.

**7.     CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION.**

7.1    Confidential information designated CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY shall be maintained in the custody of counsel of record for the parties, except for information in the custody of:  (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this Protective Order, to the extent necessary for their study, analysis, and preparation of the case.  Except for the Court, a person with custody of information designated CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this Protective Order to examine it.

7.2    Unless counsel of record agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, the parties, counsel for the parties, and all persons who executed the *Compliance Declaration* agree that they will destroy or return to the designating party or non-party all copies of any documents, other than attorney work product, containing designated confidential information produced by a party or non-party.  Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Such file copies must be maintained under the conditions of maintaining

-12-

CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY documents as set forth in Paragraph 7.1, above.

## 8. MISCELLANEOUS PROVISIONS.

8.1 The provisions of this Protective Order apply to all proceedings in this action, including all appeals, alternative dispute resolution procedures, and proceedings upon remand, except that the provisions of this Protective Order do not govern use of designated confidential information at trial and use of designated confidential information at trial shall be governed by order(s) of the trial judge.

8.2 A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated in writing by the designating party. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the designating party or non-party stipulates in writing that designated confidential information can be disclosed.

8.3 By entering into this Protective Order, no party waives any objections it might have to the production of documents or other information covered by this Protective Order.

8.4 No party to this action, by entering into this Protective Order, by designating certain information as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY, or by acquiescing in any other party's or non-party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

8.5 The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to

-13-

time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed confidential information.

8.6     In the event that any party receives a subpoena or other process or order to produce CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY material, such party shall notify the counsel of record of the designating party of the material sought by such subpoena or other process or order, and shall provide counsel of record for the designating party a copy of said subpoena, process, or order.  The party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  The party receiving the subpoena, process, or order shall be entitled to comply with it except to the extent the designating party asserting the confidential treatment is successful in obtaining an order modifying or quashing such subpoena, process, or order.

8.7     The parties agree that documents they produced in *Scat Enterprises, Inc. v. FCA US LLC*, 2:14-cv-07995-GHK-AFM pursuant to the protective order entered in that lawsuit (ECF Dkt. No. 52) may be used in this litigation subject to the protections set forth in said protective order.  The foregoing agreement is not, and should not be construed as, a waiver or limitation of any objections either party may have to any such documents, including, but not limited to, objections as to relevance or admissibility.

**9.     FILING OR LODGING UNDER SEAL.**

If any party seeks permission to file or lodge with the Court any documents or things that contain designated confidential information under seal, such materials shall be submitted to the Court in accordance with the procedures and standards set forth in C.D. CAL. LOCAL RULE 79-5 for filing documents under seal.  No document(s) may be filed or lodged under seal absent court order pertinent to the

-14-

SMRH:483116762.1

specific document(s) or as otherwise permitted pursuant to C.D. CAL. LOCAL RULE 79-5.1.  This Protective Order does not entitle a party to file designated confidential information under seal, and the parties' mere designation of disclosure or discovery material as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.  Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If a document can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.  Where one party wishes to file or lodge any documents or things with the Court under seal, the other party shall not unreasonably withhold agreement to such filing or lodging under seal.  If such agreement is provided, the parties shall submit to the Court a stipulation and proposed order for such filing or lodging under seal.  If no such agreement is provided, then the filing or lodging party shall submit an application and proposed order to the Court pursuant to C.D. CAL. LOCAL RULE 79-5.1.

**10. GOOD CAUSE STATEMENT.**

Pursuant to FED. R. CIV. P. 26(c)(7), good cause exists for entry of this Protective Order because the parties to this action (a) either have sought or might seek the discovery of certain information in this action that the parties believe or a non-party believes is sensitive or confidential, (b) believe that unrestricted disclosure or dissemination of such information could cause them or a designating non-party some business or commercial injury, (c) desire an efficient and practicable means to

-15-

SMRH:483116762.1

1 designate such information as confidential and control its disclosure or dissemination,
2 and (d) have agreed to such means as set forth herein.
3
4 Dated: June 15. 2017         SHEPPARD MULLIN RICHTER & HAMPTON LLP
5
                               By        */s/ Paul A. Bost*
6                                         PAUL A. BOST
                                         Attorneys for Plaintiff
7                                         FCA US LLC
8 Dated: June 15. 2017         ORRICK. HERRINGTON & SUTCLIFFE LLP
9
                               By        */s/ Scott Lonardo*
10                                        SCOTT LONARDO
                                         Attorneys for Defendant
11                                        SCAT ENTERPRISES, INC., PHILIP
                                         THOMAS LIEB. and CRAIG SCHENASI
12
13
                                        **II.**
14
                                **[Proposed] ORDER**
15
   This Court finds that good cause exists for the proposed Protective Order.  IT
16 IS SO ORDERED.
17
   Dated: June 16, 2017                  *[signature]*
18
                                         _____
19                                        UNITED STATES MAGISTRATE JUDGE
                                         ROZELLA A. OLIVER
20
21
22
23
24
25
26
27
28

-16-

# EXHIBIT A
# DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

I, _____, hereby declare the following:

1. My address is _____.

2. I have read and I understand the *Stipulated Protective Order Re Confidential Information* ("**Protective Order**"), entered in the action *FCA US LLC v. Scat Enterprises, Inc.*, Case No. 2:16-cv-8012-JFW-RAO (C.D. Cal.) (the "**Action**"), and I agree to be bound by its terms.

3. I understand that this Protective Order requires me to not disclose any information designated as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY provided to me in the course of my involvement in the Action to any person not authorized by this Protective Order to receive it.

4. I agree that I shall return all documents containing any information designated as CONFIDENTIAL, CONFIDENTIAL - COUNSEL ONLY, or CONFIDENTIAL - OAE ONLY that have been provided to me, together with any work product including such information, upon demand by the Court or the counsel of record or party who furnished such information to me.

5. I consent to the jurisdiction of the U.S. District Court for the Central District of California, Western Division, with respect to any actions relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on _____ \_\_\_, 201\_ at _____ (city), _____ (state).

(signature) _____

(printed name) _____

SMRH:483116762.1